UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-145-GWU

WANDA SUE FITCH,                                                    PLAINTIFF,

VS.                        **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.

**INTRODUCTION**

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Supplemental Security Income (SSI).  The appeal is currently before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

07-145   Fitch

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

6

07-145   Fitch

In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Wanda Sue Fitch, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of alcohol dependence, an anxiety disorder, and a borderline personality disorder.  (Tr. 16).  Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that the plaintiff was capable of performing a significant number of jobs existing in the economy, and therefore was not entitled to benefits.  (Tr. 20-5).  The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if she were limited to simple, routine work in a non-public contact setting with routine changes. (Tr. 228-9).  The VE responded that there were jobs that such a person could perform, and proceeded to give examples at all exertional levels and the numbers in which they existed in the regional and national economies.  (Tr. 229-30).

7

07-145   Fitch

On appeal, this court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence, and that they fairly depict the plaintiff's condition.

The plaintiff alleged disability due to a bipolar disorder and back trouble. (Tr. 89). The ALJ ultimately determined that the plaintiff did not have a "severe" physical impairment (Tr. 17), and the plaintiff does not challenge this holding upon appeal. The court notes in passing, however, that a consultative examiner, Dr. Mark Burns, found no evidence for physical restrictions (Tr. 155), and, although the plaintiff did have x-rays and MRI test results showing mild degenerative disc disease in her lumbar spine (Tr. 116, 195, 197), no acceptable medical source placed any restrictions which would contradict the conclusions of Dr. Burns.[1] Therefore, this portion of the ALJ's decision is clearly supported by substantial evidence.

The plaintiff does challenge the mental factors in the hypothetical question.

No evidence was presented of the bipolar disorder alleged by the plaintiff, and at the hearing she described her problems as being depression, anxiety, and panic attacks, but also admitted that she had lost her driver's license because of a DUI conviction and had been incarcerated. (Tr. 220-1). She initially denied drinking

---

[1]A chiropractor indicated that the plaintiff might have difficulty with activities such as sitting, standing, lifting, carrying, and handling objects due to a history of trauma of the lumbar spine, but the ALJ noted that the physical examinations by this source did not show any abnormalities. (Tr. 117-25). In addition, a chiropractor is not an acceptable medical source under the Commissioner's regulations. 20 C.F.R. Section 416.913.

since being sent to jail, but then admitted having had a beer "here and there" after she had been released during a time when she was living with her daughter.  (Tr. 225-6).   She could not provide a specific date when she had totally stopped drinking.  (Tr. 226).  She stated that she was attending Alcoholics Anonymous once a week.  (Tr. 227).  Her "nerve problems" continued, but she asserted that she knew now that alcohol would not help.  (Id.).

Treatment notes from Mountain Comprehensive Care Center run from December, 2004 to March, 2005, and reflect diagnoses of alcohol dependence and borderline personality disorder.  (Tr. 176-86).  Although the plaintiff initially denied any use of alcohol, she stated on March 3, 2005 that it had only been two or three weeks since her last use, and she had cravings to drink when her nerves were bad.  (Tr. 178).  No functional restrictions are given.

Dr. Christopher Catt, a psychologist, examined the plaintiff on June 18, 2004.  The plaintiff stated that she had been incarcerated in December, 2002 and had five DUI convictions altogether.  (Tr. 142).  She was drinking one or two beers "here and there," down from her previous standard of 12 per day.  (Id.).  She also described nerve problems due to her husband being convicted of molesting her daughter.  (Id.).  Despite these problems, the plaintiff reported that she could take care of her personal needs, could engage in housework adequately, worked in her yard and shopped weekly, and had frequent contact with friends and neighbors.  (Tr. 143).

Dr. Catt estimated below-average intellectual functioning and "poor to fair" judgment. (Tr. 144). His impression was of a generalized anxiety disorder, social phobia, alcohol dependency, and dependent personality features. (Tr. 145). He felt that she would have an adequate capacity to understand instructions towards the performance of simple, repetitive tasks, a variable ability to sustain attention and concentration, a limited ability to tolerate the stress and pressure of day-to-day employment, and a somewhat limited ability to interact with fellow workers and supervisors. (Id.). Her capacity was adequate for "one-on-one situations only." (Id.).

State agency psychologists who reviewed at least a portion of the evidence concluded that the plaintiff had both anxiety-related disorders and substance addiction disorders (Tr. 127, 161) and completed functional capacity assessments reflecting a moderately limited ability to maintain attention and concentration for extended periods, interact appropriately with the general public, and react appropriately to changes in the work setting. (Tr. 147-9, 156-8).

The plaintiff argues on appeal that, although the ALJ indicated that he was accepting the opinions of the state agency reviewers (Tr. 22), the hypothetical question did not reflect the specific limitations in their assessments. The Commissioner responds that the limitations cited by the reviewers were not binding. However, it is unnecessary to reach that issue, since all of the psychological

07-145   Fitch

sources indicated that alcohol abuse or dependence was one of the plaintiff's mental impairments.  Public Law 104-121, 110 Stat. 847 eliminated disability benefits in cases where drug addiction or alcoholism is a "contributing factor material to the Commissioner's determination that the individual is disabled." Since none of the sources, including the state agency reviewers, specifically indicated what the restrictions might be in the absence of substance abuse, it must be assumed that their restrictions did reflect this problem.  Consequently, the ALJ could not have been bound by any specific limitations found by either the reviewers or by Dr. Catt.  Under the circumstances, the ALJ's determination that the plaintiff had, in the absence of substance abuse, the ability to perform simple, routine work in a non-public contact setting with routine changes appears to give her the benefit of the doubt.

The decision will be affirmed.

This the 2nd day of April, 2008.



**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**

11